# UNITED STATES
# COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT
Appeal Docket No. 14-3435 MND
District Court Case Number:
14-cv-1933 ADM/SER (MND)

TROY K. SCHEFFLER,

      Appellant,

vs.

MESSERLI & KRAMER, P.A.

      Appellee.

---

## REPLY BRIEF OF APPELLANT TROY K. SCHEFFLER

**ATTORNEYS FOR APPELLANT**

Peter J. Nickitas (#212313)
Peter J. Nickitas Law Office, LLC
431 S. 7th St., Suite 2446
P.O. Box 15221
Minneapolis, MN 55415-0221
651.238.3445/FAX 1.888.389.7890
peterjnickitaslawllc@gmail.com

**ATTORNEYS FOR APPELLEE**

Patrick D. Newman (#395864)
Messerli & Kramer, P.A.
3033 Campus Drive, Suite 250
Plymouth, MN 55441
763.548.7900/FAX 763.548.7922
pnewman@messerlikramer.com

# SUMMARY OF REPLY:
## ORAL ARGUMENT REQUESTED.

Appellee Messerli spent forty pages to argue against a case that is not Mr. Scheffler's case. Messerli intended its deeds from the outset. Messerli relied upon mischaracterization, mislabeled citations, and misleading argument to justify its wrongful conduct under the FCRA and the FDCPA.

1. *Backlund v. Messerli & Kramer, P.A.*, 964 F.Supp.2d 1010 (D. Minn. 2013), is contrary authority that appellee failed to disclose to this court or the district court. *Backlund* undercuts its FDCPA garnishment arguments at pp. 23-33 of its brief.

2. Appellee's mischaracterization of Mr. Scheffler's claims under § 1681b of the FCRA misdirected the court by misapprehension of law and mischaracterization of facts.

3. *Phillips v. Grendahl*, 312 F.3d 357 (8th Cir. 2002), abrogated only as to the test for willfulness under *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56 (2007), supports Mr. Scheffler's FCRA claims.

4. The district court's dismissal of Mr. Scheffler's invasion of privacy claim was both misplaced and premature.

Messerli pointed the finger at Mr. Scheffler. Three fingers pointed back to Messerli. Mr. Scheffler stated FCRA and FDCPA claims. The court should reverse and remand the case to the district court. <u>Mr. Scheffler reaffirms his request for oral argument, 20 minutes per side.</u>

i

# TABLE OF CONTENTS

ITEM                                                        PAGE

Summary of Reply                                            i

Table of Contents                                          ii

Table of Authorities                                       iii

Jurisdictional Statement                                    1

Reply Brief Points and Corresponding Issues                2

Recapitulation of the Case                                  3

Argument Summary                                           10

Law and Argument                                           12

      A. Standard for Appellate Review        12

      B. Fed. R. Civ. P. 12(b)(6) Standard     13

      C. Amendment of the Complaint.           16

      POINT I: Dismissal on Rule 12(b)(6) Only    17

      POINT II: *Backlund v. Messerli & Kramer, P.A.*   18

        and the FDCPA

      POINT III: FCRA                          23

      POINT IV: Invasion of Privacy            28

Conclusion                                                 32

Certificate as to Word Count                               34

Appellate Case: 14-3435    Page: 3    Date Filed: 02/11/2015 Entry ID: 4243563

# TABLE OF AUTHORITIES

ITEM                                                    PAGE

A. CASES

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)                13

*Backlund v. Messerli & Kramer, P.A.,*

    964 F.Supp.2d 1010 (D. Minn. 2013)                 i, 2, 9, 18,

                                                        19, 20, 31

*Backlund v. Hessen,* 104 F.3d 1031 (8th Cir. 1997)     12, 17

*Barnette v. Brook Road,* 457 F.Supp.2d 647 (E.D. Va. 2006)   2, 11, 23, 25

*Bell Atlantic Communications, Inc. v. Twombly,*

    550 U.S. 544 (2007)                                 2, 13, 14,

                                                        15, 24, 27

*BJC Health System v. Columbia Cas. Co.,*

    348 F.3d 685 (8th Cir. 2003)                        13, 14

*Braden v. Wal-Mart Stores. Inc.,* 588 F.3d 585 (8th Cir. 2009)   15

*Brown v. Medtronic. Inc.,* 628 F.3d 451 (8th Cir. 2010)   14

*Erickson v. Messerli & Kramer, P.A.,*

    09-cv-3044 (D. Minn. May 16, 2011)                  29, 31

*Erickson v. Pardus,* 551 U.S. ___, 127 S. Ct. 2197 (2007)   14

Appellate Case: 14-3435    Page: 4    Date Filed: 02/11/2015 Entry ID: 4243563

# TABLE OF AUTHORITIES (CONTINUED)

<u>ITEM</u>                                                    <u>PAGE</u>

A. <u>CASES</u>

*Fletcher v. Price Chopper Foods of Trumann, Inc.,*

    220 F.3d 871 (8th Cir. 2000)                    29, 30, 31

*Foman v. Davis*, 371 U.S. 178 (1962)                  16, 22, 25

*Gibb v. Scott*, 958 F.2d 814 (8th Cir. 1992)            13

*Gorog v. Best Buy Co., Inc.,*

    760 F.3d 787, 792 (8th Cir. 2014)               12, 17

*Hamilton v. Palm*, 621 F.3d 816 (8th Cir 2010)        14

*Heintz v. Jenkins*, 514 U.S. 291 (1995)               3

*Johnson v. City of Shelby,*

    574 U.S. ___, 135 S. Ct. 346 (2014)             15, 22, 25

*Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231 (Minn. 1998)   28

*Phillips v. Grendahl*, 312 F.3d 357 (8th Cir. 2002)     i, 15, 22

*Resler v. Messerli & Kramer, P.A.,*

    02-cv-2510 (D. Minn. Feb. 3, 2003)              19, 20

*Reynolds v. Hartford Fin. Svcs. Group, Inc.,*

    435 F.3d 1081 (9th Cir. 2006)                   2, 24, 25

Appellate Case: 14-3435    Page: 5    Date Filed: 02/11/2015 Entry ID: 4243563

# TABLE OF AUTHORITIES (CONTINUED)

ITEM                                              PAGE

A. <u>CASES</u>

*Ritchie v. Northern Leasing Systems, Inc.,*

    12-cv-4992 (S.D.N.Y. March 31, 2014)          27

*Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007)          i, 15, 24

*Swarthout v. Mut. Serv. Life Ins. Co.,*              28

    632 N.W.2d 741 (Minn. Ct. App. 2001)

*Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)*      14

C. <u>STATUTES</u>

15 U.S.C. § 1681                                    *passim*

15 U.S.C. § 1681a(k)(1)(B)(iv)(II)

15 U.S.C. § 1681b(a)(3)(A)

15 U.S.C. § 1681m(a)

15 U.S.C. § 1681n(a)(1)

15 U.S.C. § 1681o(a)

15 U.S.C. § 1692                                    *passim*

15 U.S.C. § 1692b

15 U.S.C. § 1692b(6)

15 U.S.C. § 1692c(b)

Appellate Case: 14-3435    Page: 6    Date Filed: 02/11/2015 Entry ID: 4243563

# TABLE OF AUTHORITIES (CONTINUED)

| ITEM | PAGE |
|---|---|
| **C. STATUTES** | |
| 15 U.S.C. § 1692c(c) | |
| Minn. Stat. § 550.011 | |
| Minn. Stat. § 571.72 subd. 1-2 | |
| **D. RULES** | |
| Fed. R. Civ. P. 8(a) | 14 |
| Fed. R. Civ. P. 10(c) | |
| Fed. R. Civ. P. 12(b)(6) | *passim* |
| Fed. R. Civ. P. 56(c) | 12 |
| Minn. R. Civ. P. 5.02(a) | 10, 19, 20, 21 |
| **E. OTHER MATERIALS** | |
| Restatement (Second) of Torts § 652B (1977) | 28 |
| Wright & Miller, Federal Practice and Procedure § 1366 | 13 |

Appellate Case: 14-3435     Page: 7     Date Filed: 02/11/2015 Entry ID: 4243563

# JURISDICTIONAL STATEMENT

Mr. Scheffler filed suit on 17 June 2014. He stated claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and Minnesota common law. The court granted *in forma pauperis* status to Mr. Scheffler.

28 U.S.C. § 1331 vested jurisdiction in the U.S. District Court. Mr. Scheffler properly laid venue. The U.S. Marshal served appellee Messerli & Kramer, P.A. (Messerli) timely. Appellee moved to dismiss per Fed. R. Civ. P. 12(b)(6) on 17 July 2014.

Mr. Scheffler discovered new evidence of credit bureau report accessing by Messerli after the filing date. He filed and served his amended verified complaint before Messerli's answer and the issuance of a scheduling order. The amended complaint, Doc. 29, included verified statements of post-filing "credit bureau report pulling" and direct contact with Mr. Scheffler relating to a garnishment action – after notice of his representation by counsel.

The court granted Messerli's motion to dismiss and denied Mr. Scheffler's motion to amend the complaint. He noticed his timely appeal on 23 October 2014. The court granted his petition to appeal *in forma pauperis*. Messerli failed to file its Form B or cross-appeal. This reply follows the parties' timely principal briefs and appendices.

Appellate Case: 14-3435    Page: 8    Date Filed: 02/11/2015 Entry ID: 4243563

# REPLY BRIEF POINTS AND CORRESPONDING ISSUES

1. Messerli misrepresented facts and failed to disclose contrary authority to this court and the district court that undercuts its arguments against Mr. Scheffler's FDCPA claims.

**Standard of Review:** *De Novo*

*Relevant Cases:*

*Bell Atlantic Communications, Inc. v. Twombly*, 550 U.S. 544 (2007)

*Johnson v. City of Shelby*, 574 U.S. ___, 135 S. Ct. 346 (2014)

*Phillips v. Grendahl*, 312 F.3d 357 (8th Cir. 2002)

*Backlund v. Messerli & Kramer, P.A.*, 964 F.Supp.2d. 1010 (D. Minn. 2013)

2. Messerli misdirected this court in mischaracterization of the facts and Mr. Scheffler's 15 U.S.C. § 1681b FCRA, §§ 1692c((a)(2) – (c)) and 1692d FDCPA, and invasion of privacy of claims.

**Standard of Review:** *De Novo*

*Relevant Cases:*

*Johnson v. City of Shelby*, 574 U.S. ___, 135 S. Ct. 346 (2014)

*Phillips v. Grendahl*, 312 F.3d 357 (8th Cir. 2002)

*Reynolds v. Hartford Fin. Svcs. Group, Inc.*, 435 F.3d 1081 (9th Cir. 2006)

*Barnette v. Brook Road*, 457 F.Supp.2d 647 (E.D. Va. 2006)

Appellate Case: 14-3435     Page: 9     Date Filed: 02/11/2015 Entry ID: 4243563

## A. INTRODUCTION

Mr. Scheffler is a consumer under the FCRA and FDCPA. Messerli is a debt collector under the FDCPA and FCRA.[2] Mr. Scheffler states three claims under the FCRA -- I, II, and V, four under the FDCPA -- III, VI-VIII, and one common law invasion of privacy claim, IV.

## B. PARTIES, JURISDICTION, AND VENUE

No dispute exists as to jurisdiction, service, venue, and timeliness.

## C. FACTS[3]

Plaintiff Troy Scheffler is a consumer with reference to the FDCPA and FCRA.[4] Defendant is a 3rd party debt collector in reference to the FDCPA.[5]

On 10 September 2009, the court entered default judgment in case #02-CV-09-659 against Plaintiff and Scheffler, Bohn & O'Shea, LLC in Anoka County District Court (Minnesota), concerning an alleged Capital One credit

---

[1]Mr. Scheffler refers to appendix pages as "A_xx" and Addendum pages as "ADD_xx". He also refers to his Verified Complaint, A_000001 – 000012, by paragraph VC ¶x, and his Verified Amended Complaint, A_ - , by paragraph AVC ¶x.

[2] *Heintz v. Jenkins*, 514 U.S. 291 (1995) (law firm in business of debt collection covered by FDCPA)

[3]Unless otherwise stated, citations to paragraphs set forth in AD0001-AD0013 (Document #28,Verified Amended Complaint (VAC¶5))

[4]VAC¶5

[5]Id. ¶6

Appellate Case: 14-3435    Page: 10    Date Filed: 02/11/2015 Entry ID: 4243563

card account.[6]  Defendant represented Capital One in said judgment and has been attempting to collect the debt since.[7]

Mr. Scheffler set forth history of Messerli's attempt to collect the underlying debt.[8]  Contrary to Messerli's mischaracterizations and false invocation of *Rooker-Feldman*[9], Mr. Scheffler does not argue to vacate the state judgment with the aid of the FCRA or FDCPA.

On or about March 2011, Mr. Scheffler instituted a cease and desist against Defendant per 15 U.S.C. § 1692c(c).[10]

On or about 04-12-2014, Plaintiff received a "Bank Garnishment Packet" attempting to levy a closed account of Plaintiff's at U.S. Bank.  Said packet contained verbiage stating, "This communication is from a debt collector", but continues in stating "This is an attempt to collect a debt".[11]  The latter communication violated his cease and desist demand.[12]

Per statute, Mr. Scheffler responded to the attempt at garnishment by mailing exemption forms on 04-23-2014 to Defendant.  On 04-23-2014, he telephoned Messerli and noticed the firm it violated the cease and desist by

---

[6]<u>Id</u>. ¶7
[7]<u>Id</u>. ¶8
[8]<u>Id</u>. ¶¶9-11.1
[9] Appellee Brief pp. 36-37
[10]VAC ¶24
[11]<u>Id</u>. ¶¶13-15
[12]<u>Id</u>. ¶16

Appellate Case: 14-3435     Page: 11     Date Filed: 02/11/2015 Entry ID: 4243563

leaving a message on Messerli attorney Patrick D. Newman's voicemail.[13]

Messerli employee, self-identified as Nicole Anderson, verified that the account was already ceased prior and that she was unable to speak with him. He then received via mail a notice dated 04-24-2014 from Messerli stating that all future inquiries from Plaintiff need to be made to their office in writing. Said notice again states this "Is an attempt to collect a debt".[14]

On 05-22-2014 Plaintiff contacted attorney Peter Nickitas. On 05-22-2014 Nickitas mailed correspondence to Messerli, notifying Messerli of Mr. Scheffler's representation by counsel, and inquiring as to whether Messerli would be honoring Plaintiff's cease and desist. Under professional courtesy, Nickitas also noticed Messerli that Plaintiff was "Judgment Proof" in that he collects disability, has no vehicles or other assets, and that his home is protected from lien under the Minnesota Homestead Act.[15]

Messerli failed to respond. On 06-05-2014 Nickitas again mailed correspondence to Messerli in an effort to verify that they would be honoring the cease and desist.[16]

On 06-05-2014 Plaintiff obtained his Experian consumer report. Said

---

[13] Id. ¶¶17-18
[14] Id. ¶¶19-21
[15] Id. ¶¶22-24, Doc. 10¶10 (admission of representation by counsel), Doc. 10-5, p. 1 of 2 (letter), Doc. 15-2, p. 3 of 4 (9 June 2014 correspondence confirming Mr. Scheffler's representation by counsel)
[16] Id. ¶¶25-26

Appellate Case: 14-3435    Page: 12    Date Filed: 02/11/2015 Entry ID: 4243563

report showed that Defendant had obtained his Experian consumer report on at least 05-28-2014, 04-05-2014, 11-13-2013, and 06-29-2012.[17]

On 06-05-2014, Messerli mailed a copy of a garnishment summons directly to Mr. Scheffler, notwithstanding Messerli's actual knowledge of his representation by counsel in the matter.[18]  Said summons stated that Defendant was attempting to collect a debt -- in violation of Plaintiff's cease. Messerli also served the summons upon Bank of America.[19]

Mr. Scheffler has never had a bank account with Bank of America. Mr. Scheffler, however, applied for credit with Bank of America on 05-27-2014.[20]

Messerli finally responded to Nickitas via mail 06-09-2014, stating, "Please note that a **cease and desist** restriction was updated on our file on or around April 24, 2014".[21] (emphasis added).

Mr. Scheffler averred that Messerli served the garnishment summons upon Bank of America based solely on a simple inquiry for credit appearing on Plaintiff's credit report, and not for any evidence of an account of Plaintiff

---

[17]Id. ¶¶28-29
[18]Id. ¶35.1
[19] Id. ¶¶35.1-35.3
[20] Id., ¶¶35.4-35.5
[21]Id. ¶27, Doc. 10¶10 (Messerli attorney Weber declaration admission of representation by counsel), Doc. 10-5 p. 1-of-2, Doc. 15-2 p. 3 of 4 (second admission of representation by counsel)

Appellate Case: 14-3435     Page: 13     Date Filed: 02/11/2015 Entry ID: 4243563

at Bank of America. On information and belief after reasonable inquiry by Plaintiff, Bank of America had no branches in Minnesota at that time.[22]

Messerli's sending of garnishment summons to Bank of America, and other entities, and Messerli's garnishment communication in spite of its actual knowledge of Mr. Scheffler's representation by counsel, and the absence of accounts of the Plaintiff at said entities, indicate intent on Messerli's part to intimidate and harass Plaintiff.[23]

On 07-17-2014, after the filing of this lawsuit, Plaintiff obtained his Experian consumer report, which showed that Defendant continued to access his report on 06-06-2014 and 07-08-2014. Said inquiries were excessive and unauthorized. Said inquiries were not all made to obtain information to be used involving collection of an account. Inquires shortly after notice by Nickitas could offer no fruit with regard to obtaining information viable for Defendant to collect the alleged debt.[24]

Due to the cease, it would be impossible for Messerli after obtaining information from Plaintiff's consumer report with regard to open lines of credit actually to collect from that information. Messerli had actual knowledge of Plaintiff's contact information with regard to anything they could

---

[22]Id., ¶¶35.6-35.7
[23]Id., ¶35.8
[24]Id. ¶¶29.5-32

Appellate Case: 14-3435    Page: 14    Date Filed: 02/11/2015 Entry ID: 4243563

obtain from Plaintiff's consumer report.

After receiving the garnishment summons, within approximately two weeks, Bank of America subsequently denied Plaintiff the credit he requested.[25]

After the 04-05-2014 inquiry, Messerli attempted a bank garnishment against Mr. Scheffler.[26] Messerli failed to notice Mr. Scheffler that a consumer report was obtained for use in taking an adverse action against him. Checking account information is not included in a consumer report.[27]

Plaintiff never was served or responded or otherwise disclosed his personal banking information per Minn. Stat. § 550.011 in a judgment debtor disclosure to Messerli. Messerli invaded Plaintiff's privacy by obtaining his checking information, and inflicted emotional distress on Mr. Scheffler.[28]

Messerli served conflicting papers on Mr. Scheffler in connection with the underlying debt. After the filing and service of the complaint in this lawsuit, Messerli served upon Mr. Scheffler, on 7-25-2014 a motion to dismiss with a cover page *not* including a statement that they were attempting to collect a debt. On 07-28-2014 – after the filing and service of the complaint in

---

[25] <u>Id.</u>, ¶35.9
[26] <u>Id.</u>, ¶36 (garnishment defined as "adverse action" by 15 U.S.C. § 1681a (k)(1)(B)(iv)(II))
[27] <u>Id.</u>, ¶¶37-39
[14] <u>Id.</u>, ¶¶40-42

Appellate Case: 14-3435    Page: 15    Date Filed: 02/11/2015 Entry ID: 4243563

this lawsuit, Messerli then served upon Plaintiff the exact same motion and content except that the cover page now stated that is was "...an attempt to collect a debt".  On 07-29-2014, after the filing and service of the complaint in this lawsuit, Messerli *again* sent copies of material that had already been served upon Plaintiff twice before and this time with a cover page not including that it was an attempt to collect a debt.[29]

Mr. Scheffler retained counsel for the lawsuit after Messerli's motion. Mr. Scheffler filed and served Document 28 and moved to amend his Verified Complaint after retaining counsel -- before Messerli answered.

Messerli failed to disclose *Backlund v. Messerli & Kramer, P.A.*, 964 F.Supp.2d 1010 (D. Minn. 2013) at the district court.[30]  The court granted Messerli's motion to dismiss and denied Mr. Scheffler's motion to amend.

Mr. Scheffler timely appealed *in forma pauperis*.  Messerli failed to cross-appeal or file an Appellee Form B.

Mr. Scheffler and Messerli exchanged timely briefs and appendices. Without cross-appeal or Form B, Messerli addressed new and different issues from Mr. Scheffler's appellant issues.  Mr. Scheffler now replies.

---

[29] Id., ¶¶42.1-42.3
[30] Document #29

## ARGUMENT SUMMARY

Mr. Scheffler "ceased" Messerli in 2011. Messerli admitted the "updating" of the cease and desist on 24 April 2014. "Updating" implies, to an ordinary English student and the "least sophisticated consumer," the "cease and desist" already existed. The averments are true for Rule 12(b)(6).

Messerli admitted that counsel represented Mr. Scheffler in the matter of the cease of its collection efforts against him. Nonetheless, Messerli sent the garnishment summons directly to Mr. Scheffler on 5 June -- fourteen days after counsel's first communications to Messerli on 22 May.

The direct communication violated Minn. R. Civ. P. 5.02(a), requiring written communications to counsel, not a party, once counsel appears. Minn. Stat. § 571.72 subd.1-2 incorporated Minn. R. Civ. P. 5.02(a) in its prescription of garnishment summons service procedures. This direct communication with represented Mr. Scheffler violated 15 U.S.C. §§ 1692c(a)(2) (Claim VI—represented debtor), 1692c(c) (III and VIII—post-cease), and 1692d (VII – harassment). Mr. Scheffler stated claims that survived Rule 12(b)(6). Messerli's extra-pleading exhibits confirm this.

Messerli's misplaced FCRA arguments cite only cases referring to <u>one credit pull</u>. Messerli, however, pulled Mr. Scheffler's credit on multiple occasions, at frequencies as close to one week apart, without demonstrable

Appellate Case: 14-3435    Page: 17    Date Filed: 02/11/2015  Entry ID: 4243563

belief it would <u>obtain new information</u>[31] to serve a lawful FCRA purpose.

Messerli failed to notify Mr. Scheffler or counsel of its use of the credit bureau report (**CBR**) in effecting a garnishment summons.  A garnishment summons to seize a debtor's earnings and assets by legal process is an adverse action.[32]  The CBR revealed Bank of America made a CBR inquiry on him.  Based in whole or part on that information, Messerli sent a garnishment summons to Bank of America.  FCRA claims (I, II, V) survive Rule 12(b)(6).

Messerli concealed the means by which it obtained information on Mr. Scheffler's closed U.S. Bank checking account, which did not appear on a CBR. For all plaintiff knew, Messerli could have rummaged through his house.  The district court's misplaced privacy analysis lacked the benefit of discovery, unlike the case it cited.  Dismissal of privacy claim IV was error.

Mr. Scheffler stated plausible claims per Rule 12(b)(6).  The court should reverse and remand.  20 minutes' oral argument per side is proper.

---

[31] 15 U.S.C. §§ 1681b(a)(3)(A) ("intends to use the **information** in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[;]"), 1681m(a) (duties of person taking adverse action), and 1681n(a)(1), and 1681o(a)(civil liability)

[32] 15 U.S.C. § 1681a(k)(1)(B)(iv)(**II**) ("Adverse action... actions included means... an action taken or determination that is... adverse to the interests of the consumer").  <u>See</u> *Barnette v. Brook Road*, 457 F.Supp.2d 647, 657 (E.D. Va. 2006) (auto repossession as <u>adverse action under law</u> resulting from CBR information; repossessor's failure to serve notice), *Reynolds v. Hartford Fin. Svcs. Group, Inc.*, 435 F.3d 1081, 1095-97 (9th Cir. 2006) (notice requirement extending to *any person* taking an adverse action resulting from CBR).

Appellate Case: 14-3435   Page: 18   Date Filed: 02/11/2015 Entry ID: 4243563

# LAW AND ARGUMENT

## A. STANDARD FOR APPELLATE REVIEW

### 1. Claim-by-Claim Analysis

As set forth in the principal brief,[33] *de novo* review governs appeals from Fed. R. Civ. P. 12(b)(6) dismissals. *Backlund v. Hessen,* 104 F.3d 1031, 1033 (8th Cir. 1997) (court required to discern the basis for dismissal claim by claim, whether by Fed. R. Civ. P. 12(b)(6) or Rule 56(c)); court relied only on complaint to dismiss Equal Protection claim; claim stated on plaintiff's § 1983 Equal Protection nepotism discrimination claim).

### 2. Matters Outside Pleadings, Conversion to Rule 56, and Prejudice

Consideration of matters outside the pleadings may convert a Rule 12(b)(6) motion to a Rule 56 motion. Reliance of matters necessarily embraced by the pleadings, however, including contracts, do not convert Rule 12(b)(6) motions to Rule 56 motions. See Fed. R. Civ. P. 10(c), *Gorog v. Best Buy Co., Inc.,* 760 F.3d 787, 792 (8th Cir. 2014) (award agreement and separate agreement incorporated into amended complaint; 12(b)(6) dismissal aff'd).

---

[33]Principal Brief, p. 12

Appellate Case: 14-3435    Page: 19    Date Filed: 02/11/2015 Entry ID: 4243563

Reliance on matters outside the pleadings[34], however, constitutes prejudicial, reversible error when the nonmovant does not get the opportunity to conduct discovery or submit additional materials once she is put on notice that the court will consider materials outside the pleading. <u>See</u> *BJC Health System v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003) (8th Cir. 2003) (Wollman, J.) (12(b)(6) (dismissal rev'd in view of court's prejudicial consideration of materials outside complaint in reinsurance contract case without giving opportunity to discover or provide additional evidence).

## B. STANDARD FOR FED. R. CIV. P. 12(b)(6)

1. <u>Pleading Facts: Plausibility, Not Probability; Short and Plain; and Benefit of Doubt to the Plaintiff</u>

Fed. R. Civ. P. 12(b)(6) requires satisfaction of the facial plausibility test in the pleading of *facts* to state a claim for relief. *Bell Atlantic Com. v. Twombly*, 550 U.S. 544, 547 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pleading "conclusory facts" that parrot elements of the cause of action does not suffice, *Twombly*, 550 U.S. at 555.

---

[34]<u>See</u> *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) ("any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings", <u>quoting</u> Wright & Miller, Federal Practice and Procedure § 1366) (12(b)(6) tortuous interference dismissal rev'd for court's consideration of external materials without giving plaintiff opportunity to conduct additional discovery)

Appellate Case: 14-3435    Page: 20    Date Filed: 02/11/2015 Entry ID: 4243563

Fed. R. Civ. P. 8(a) does not require "formalistic particularity" in fact pleading, merely "a short and plain statement of the claim showing that the pleader is entitled to relief..." *BJC*, 348 F.3d at 688 (Fed. R. Civ. P. 12(b)(6) dismissal of insurance contract breach claim rev'd). The complaint must "put [the defendant] on notice as to the substance of the claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), <u>cited in</u> *BJC* at 688-89, <u>supra</u>. *Erickson v. Pardus*, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (<u>citing</u> *Twombly* and *Swierkiewicz*; Rule 12(b)(6) dismissal of prisoner's § 1983 claim rev'd), *Hamilton v. Palm*, 621 F.3d 816, 817 – 18 (8th Cir 2010) (Loken, J.) (reversing Rule 12(b)(6) dismissal of diversity negligence action, <u>citing</u> *Erickson*, *Twombly*, and *Iqbal*).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiffs specific factual allegations as true but [need] not ... accept a plaintiffs legal conclusions." *Brown v. Medtronic, Inc.*, 628 F .3d 451, 459 (8th Cir. 2010) (<u>citing</u> *Twombly*, 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 554-56.

The court must not engage in a "probability assessment" of the pleaded facts at the 12(b)(6) stage. *Iqbal*, 556 U.S. at 678, <u>following</u> *Twombly* at 556.

Appellate Case: 14-3435    Page: 21    Date Filed: 02/11/2015 Entry ID: 4243563

A complaint should not be dismissed simply because the Court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. at 556. A well-pleaded complaint will survive a motion to dismiss even if recovery appears remote. Id. "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (Rule 12(b)(6) dismissal of ERISA claim rev'd).

2. Perfection in Legal Theory Pleading Not Required.

Fact pleading matters under Rule 12(b)(6). Imperfect, or incomplete *legal theory* pleading does not sink a complaint. See *Johnson v. City of Shelby*, 574 U.S. ___, ___, 13-1318 (U.S. Nov. 10, 2014) (per curiam) (distinguishing *Twombly* and *Iqbal*; "Federal pleadings ... do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted[;]" summary judgment rev'd and remanded). See also *Phillips v. Grendahl*, 312 F.3d 357, 364-65 (8ᵗʰ Cir. 2002), abrogated but not overruled on separate grounds relating to quantum of proof for FCRA punitive damages by, *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007):

> Phillips's failure to identify the correct statutory section does not limit us in construction of his complaint, so long as the complaint pleads facts that state a cause of action under the correct section....
>
> Either of these theories is adequately, though not skillfully,

15

pleaded in Phillips's Amended Complaint, which states that the defendants "willfully and maliciously obtained [Phillips's] credit report for an impermissible and illegal purpose."

Although the complaint does not literally plead that defendants lacked a permissible purpose, see § 1681n(a)(1)(B)(obtaining a consumer report without a permissible purpose), for purposes of notice pleading, lack of permissible purpose is implicit in the allegation that they did have an impermissible purpose.

(summary judgment rev'd and remanded for trial on FCRA claim of credit report access for improper purpose).

## C. AMENDMENT OF THE COMPLAINT

Fed. R. Civ. P. 15(a)(2) establishes a liberal standard for amendment of a complaint – "[t]he court should freely give leave when justice so requires." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008), *Foman v. Davis*, 371 U.S. 178, 182 (1962). Exceptions to the standard include delay, bad faith, delay, repeated failure to cure deficiencies, undue prejudice to the non-movant or futility of the amendment. Id., *Sherman* at 715. "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

Appellate Case: 14-3435    Page: 23    Date Filed: 02/11/2015 Entry ID: 4243563

## THE DISTRICT COURT
## DISMISSED MR. SCHEFFLER'S
## FCRA, FDCPA CLAIMS, AND INVASION
## OF PRIVACY CLAIMS PER FED. R. CIV. P. 12(b)(6) ONLY.

The transcript shows the district court dismissed Mr. Scheffler's claims on Fed. R. Civ. P. 12(b)(6) grounds.[35]

The district court considered the verified complaint (Document #1) with its four claims.[36] The district court considered the amended complaint.[37] The district court addressed the May 22, 2014 letter from counsel.[38] The complaint disclosed the existence, content, and purpose of the letter at Doc. 1 ¶¶22-24, and Doc. 28 ¶¶22-24. In its analysis, the district court cited no specific detail in Doc. 10-5 that did not also appear on the respective faces of the verified complaint (Doc. 1) and first amended verified complaint (Doc. 28). Accordingly, the court must review the dismissal as a Rule 12(b)(6) dismissal *de novo. Backlund v. Hessen*, 104 F.3d 1031, 1033 (8th Cir. 1997), *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014).

---

[35]Appellee Appendix, Transcript 16:21-19:25
[36]Id. at 17:1, 17:13, 18:4, 18:19
[37]Id. at 16:22-23, 19:23-25.
[38]Id. at 18:10 (also appearing as Doc. 10-5, p. 1-of-2

Appellate Case: 14-3435    Page: 24    Date Filed: 02/11/2015 Entry ID: 4243563

## POINT II

## *BACKLUND v.*
## *MESSERLI & KRAMER, P.A.,*
## 964 F.SUPP.2D 1010 (D. MINN. 2013), IS
## CONTRARY AUTHORITY THAT APPELLEE FAILED
## TO DISCLOSE TO THIS COURT OR THE COURT BELOW.

*Backlund v. Messerli & Kramer, P.A.*, 964 F.Supp.2d 1010 (D. Minn. 2013), is contrary authority against it that appellee failed to disclose to this court or the district court.

Contrary to Messerli's representations and insinuations, Mr. Scheffler does not argue that the FDCPA prohibits state garnishment summons proceedings. Messerli defended the Rule 12(b)(6) dismissal of Mr. Scheffler's FDCPA claims (Doc. 28, Claims III, VI, VII, and VIII) at pp. 23-33 of its brief on the grounds that its properly conducted the garnishment summons.

Messerli argued, and the district court accepted, that the FDCPA did not bar a garnishment action. Mr. Scheffler concurs – the FDCPA allows garnishment proceedings that obey both state and federal law. The undisputed facts and clearly established law, of which Messerli had notice as an actual defendant, show that Messerli broke state and federal laws.

Once a debtor informs a debt collector that counsel represents the debtor, further direct questioning of the debtor by the collector with the aim of debt collection violates 15 U.S.C. § 1692c(a)(2) of the FDCPA. *Backlund*

Appellate Case: 14-3435   Page: 25   Date Filed: 02/11/2015 Entry ID: 4243563

*v. Messerli & Kramer*, 964 F.Supp.2d at 1014-15 (questions by Messerli "Steve Doe" following debtor's disclosure of representation by counsel; "Steve's statements explaining that M&K would not be able to talk to the Backlunds if they were represented could be motivated by the fact that continued access to the Backlunds would make it easier to collect the debt[;]" summary judgment denied; settled).

Messerli's reliance upon *Resler v. Messerli & Kramer*, 02-cv-2510 (D. Minn. Feb. 20, 2003 (Doc. 17)) (Magnuson, Paul), is misplaced and misleading. Messerli relies upon *Resler* for the overbroad proposition that a debt collector does not violate the FDCPA by carrying out garnishment summons proceedings under Minnesota law. *Resler* at 8 of 10 ("However, the statute exempts communications made with "the express permission of a court of competent jurisdiction[]"). "Express permission" is nothing more than a specific court order under unique circumstances, or compliance with existing statutes, rules, or other lawful authority.

Minn. Stat. § 571.72 subd. 1-2 prescribes procedures for service of the garnishment summons. In so doing, the statute incorporates the Minnesota Rules of Civil Procedure, unless otherwise stated. Minn. R. Civ. P. 5.02(a) requires that a party transmit all papers to opposing parties' counsel, once the transmitting party knows the opponent has counsel. Minn. Stat. § 571.72

subd. 1-2 has no exception for Minn. R. Civ. P. 5.02(a).

Messerli may communicate with debtors in connection with garnishment processes. It <u>must</u>, however, comply with Minn. Stat. § 571.72 subd. 1-2 and, by reference, Minn. R. Civ. P. 5.02(a), to obey the FDCPA. <u>See</u> *Backlund*, 964 F.Supp.2d at 1016 (summary judgment denied on § 1692f FDCPA claim for lack of Messerli records on mailing of notice of intent to garnish to plaintiff's attorney, thus failing to demonstrate compliance with Rule 5.02(a)).

Messerli did not violate the FDCPA by initiation of a garnishment summons. Messerli violated the FDCPA by direct transmission of the garnishment summons to Mr. Scheffler ***after*** it had actual knowledge that Mr. Scheffler had legal representation in the matter of the collection of the debt subject to garnishment proceedings. Doc. 28, ¶¶ 35, 35.1-35.9, Doc. 10¶10 (Messerli attorney Weber declaration admission of representation by counsel), Doc. 10-5 p. 1-of-2, Doc. 15-2 p. 3 of 4 (second admission of representation by counsel).[39]

Messerli violated the FDCPA by direct communications with Mr.

---

[39] N.B. *Resler* settled after the court's order. *Resler*, Doc. 20-21. Furthermore, Derick Weber was a named defendant in *Resler*. Note further that Messerli unsuccessfully raised the *Rooker-Feldman* red herring in *Resler* as well.

Appellate Case: 14-3435    Page: 27    Date Filed: 02/11/2015 Entry ID: 4243563

Scheffler on 24 April 2014, three years after his 2011[40], and direct communications with him on 5 June 2014[41] in violation of Minn. R. Civ. P. 5.02(a) and Minn. Stat. § 571.72 subd. 1-2 – *after informing Messerli of his representation by counsel.*

Messerli violated the FDCPA, 15 U.S.C. § 1692d, with reference § 1692c(b)[42], in its harassment of Mr. Scheffler by indiscriminate garnishment summons services upon entities merely appearing on Mr. Scheffler CBR, viz., Bank of America (credit card application) and U.S. Bank (closed account), without compliance with Minn. Stat. § 550.011 (asset disclosure statute). With § 1692c(b) placing the burden on Messerli to prove the "reasonable necessity" of indiscriminate, arbitrary garnishment summonses, the court may not dispose of this claim under Rule 12(b)(6), the court must allow discovery,

---

[40]Doc. 1, ¶¶11-12, Doc. 28, ¶¶13-20
[41]Doc. 28, ¶¶35.1-35.2 (garnishment summons service on Bank of America)
[42]§1692c(b):

> Except as provided in section 1692b this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

The six prescriptions of § 1692b give no escape to Messerli, particularly § 1692b(6) (prohibition on communications with anyone other than consumer's (debtor's) attorney, absent failure of attorney to communicate with collector.

Appellate Case: 14-3435    Page: 28    Date Filed: 02/11/2015 Entry ID: 4243563

and Messerli will have to wait at least until filing a Rule 56 motion to prove "reasonableness" – when reasonableness is usually a jury question.

Imperfections in citation to the relevant statute sections do not weigh against him. *Johnson v. City of Shelby*, 574 U.S. ___, ___, 13-1318 (U.S. Nov. 10, 2014), *Phillips v. Grendahl*, 312 F.3d 357, 364-65 (8ᵗʰ Cir. 2002). Mr. Scheffler states valid claims under 15 U.S.C. §§ 1692c(a)(2) (VI – direct communications with represented debtor), 1692c(c) (III and VIII) – in violation of a cease), and 1692d (VII -- harassment or abuse).

Notwithstanding the paucity of legal reasoning for denial of the amended complaint at Transcript 19:11-15, 23-25, Mr. Scheffler's amended complaint is not futile under Fed. R. Civ. P. 15(a)(2). *Foman*, 371 U.S. at 182. The court must reverse and remand the case to the district court, with the opportunity for Mr. Scheffler to amend his complaint and add a specific claim under § 1692c(b), in addition to his § 1692d claim.

Appellate Case: 14-3435    Page: 29    Date Filed: 02/11/2015 Entry ID: 4243563

# POINT III

## MR. SCHEFFLER STATED VIABLE FCRA CLAIMS UNDER 15 U.S.C. § 1681b FOR MESSERLI'S FAILURES TO SHOW THEIR PERMISSIBLE PURPOSES, CONCERNING THEIR BELIEF IN OBTAINING INFORMATION FROM MULTIPLE INTRUSIONS INTO MR. SCHEFFLER'S CBR, IN <u>CONNECTION WITH COLLECTION OF A DEBT.</u>

### A. 15 U.S.C. § 1681b(a)(3)(A)

15 U.S.C. § 1681b prescribes permissible purposes for use of consumer credit bureau reports (CBRs). 15 U.S.C. § 1681b(a)(3)(A) requires that pursuit <u>and use</u> of the *information* sought be lawful. Restated, the statute requires that the debt collector must demonstrate, or have reasonable belief, that information it derives from the CBR will help the debt collector collect the consumer's debt – each and every time the debt collector pulls the CBR. In the case at hand, Messerli must demonstrate that it had a reasonable belief that its monthly – and even weekly – pulls of Mr. Scheffler's CBR would yield useful information to assist it in collecting Mr. Scheffler's debt.

### B. Adverse Action under FCRA

15 U.S.C. § 1681a(k)(1)(B)(iv)(II) broadly defines "adverse action" to include "... an action taken or determination that is... adverse to the interests of the consumer"). <u>See</u> *Barnette v. Brook Road,* 457 F.Supp.2d 647, 657

23

(E.D. Va. 2006) (auto repossession as <u>adverse action under law</u> resulting from CBR information; repossessor's failure to serve notice).

15 U.S.C. § 1681m imposes the obligation of notice upon one who takes an "adverse action" against a consumer on account of information from a consumer credit report. The user of the credit report must inform the consumer of the adverse actions that flow "in whole or in part" from the information in the credit report. <u>Id</u>., *Reynolds v. Hartford Fin. Svcs. Group, Inc.*, 435 F.3d 1081, 1095-97 (9th Cir. 2006) (notice requirement extending to *any person* taking an adverse action resulting from CBR). *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 2206 (2007).

One who acts negligently is liable for actual damages. 15 U.S.C. § 1681o. One who violates the notice provision is liable to the consumer under 15 U.S.C. §§ 1681m(a) and 1681n(a). *Reynolds*, 435 F.3d at 1085.

Mr. Scheffler's FCRA claims are I, II, and V. I and V are connected on account of the inexplicable nine-day span between Messerli's pulling Mr. Scheffler's credit report twice between 28 May 2014 and 6 June 2014. Doc. 28, ¶¶ 13, 18-35, 35.1-35.9.

Mr. Scheffler specified the predicate facts to support his two § 1681b claims. He did not set forth conclusory opinions holding forth as facts. He stated a "plausible claim" for violations of the FCRA. *Twombly*, 550 U.S. at

Appellate Case: 14-3435    Page: 31    Date Filed: 02/11/2015 Entry ID: 4243563

555-56, *Phillips*, 312 F.3d at 364-65 (as long as facts are set forth, not fatal to match facts to incorrect FCRA clause; remanded for trial), *Johnson v. City of Shelby*, 574 U.S. at ___ (failure to specify § 1983 claim not fatal to complaint that set forth nonconclusory facts to state claim; rev'd and remanded).

Mr. Scheffler's FCRA claims are not futile; he states valid claims that cannot be set aside as implausible without meaningful discovery. *Foman*, 371 U.S. at 181-82 (futility). The court should reverse and remand claims I and V for further proceedings.

Messerli's failure to notice Mr. Scheffler of the adverse action that it had taken, viz., sending out the garnishment summons to Bank of America, in whole or in part on information derived from his CBR, establishes Mr. Scheffler's Claim II under the FCRA. See *Barnette*, 457 F.Supp.2d at 657, *Reynolds*, 435 F.3d at 1085, 1095-97.

Doc. 28 ¶¶ 46 – 48 state the claim. ¶¶ 35.1-35.9, and 36-38 set forth detailed facts that support Claim II under § 1681m:

35. With regard to the 05-28-2014 inquiry, Defendant knew contact should be made to Plaintiff's attorney Nickitas.

35.1 on 06-05-2014, Defendant after knowing Plaintiff was represented by counsel did mail a copy of a garnishment summons directly to Plaintiff.

Appellate Case: 14-3435   Page: 32   Date Filed: 02/11/2015 Entry ID: 4243563

35.2   Said summons stated that Defendant was attempting to collect a debt in violation of Plaintiff's cease.

35.3 Said summons was served upon Bank of America.

35.4 Plaintiff has never had a bank account with Bank of America.

35.5 Plaintiff applied for credit with Bank of America on 05-27-2014.

35.6. On information and belief after reasonable inquiry by Plaintiff, Defendant served said garnishment summons upon Bank of America based solely on a simple inquiry for credit appearing on Plaintiff's credit report, and not for any evidence of an account of Plaintiff at Bank of America.

35.7. On information and belief after reasonable inquiry by Plaintiff, Bank of America has no branches in Minnesota.

35.8  Defendant's sending of garnishment summons to Bank of America, and other entities, in view of the absence of accounts of the Plaintiff at said entities, demonstrates an intent on Defendant's part to intimidate and harass Plaintiff.

35.9.    After receiving the garnishment summons, within approximately two weeks, Bank of America subsequently denied

Appellate Case: 14-3435     Page: 33     Date Filed: 02/11/2015 Entry ID: 4243563

Plaintiff the credit he requested.

36.    After the 04-05-2014 inquiry, Defendant took adverse action, as defined by 15 U.S.C. § 1681b (k)(1)(B)(II), against Plaintiff by attempting a bank garnishment.

37.  Generally attempting to collect a debt is an adverse action.

38.  Defendant failed to notice Plaintiff that a consumer report was obtained for use in taking an adverse action against Plaintiff.

Mr. Scheffler fleshed out the facts.  He clears the "plausibility" with the quantum of detail that satisfies Rule 12(b)(6) and makes discovery necessary before the court can dispose of Claim II on the merits. He stated a "plausible claim" for violation of the FCRA in the misuse of information and resulting harassment of Mr. Scheffler, in spite of the cease and desist and written instruction to Messerli to communicate through counsel.  *Twombly*, 550 U.S. at *555-56*, *Phillips*, 312 F.3d at 364-65, supra.  See also *Ritchie v. Northern Leasing Systems, Inc.*, 12-cv-4992 (S.D.N.Y. March 31, 2014) (motion to dismiss § 1681m claims denied in part).  Accordingly, the court must reverse and remand Claim II for further proceedings.

Appellate Case: 14-3435    Page: 34    Date Filed: 02/11/2015 Entry ID: 4243563

# POINT IV

## THE DISTRICT COURT
## ERRED IN DISMISSING MR.
## <u>SCHEFFLER'S INVASION OF PRIVACY CLAIM</u>.

The district court erred in its misplaced, premature dismissal of Mr. Scheffler's common law invasion of privacy claim.

Minnesota recognizes invasion of privacy by intrusion into seclusion. *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 234-35 (Minn. 1998). The Court recognized three causes of action associated with it: intrusion into seclusion, appropriation, and publication of private facts. <u>Id</u>. at 233-35.

> Intrusion upon seclusion occurs when one "`intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person.'" *Id.* at 233 (quoting Restatement (Second) of Torts § 652B (1977)). "In the context of intrusion upon seclusion, questions about `the reasonable person standard are ordinarily questions of fact . . . but they become questions of law if reasonable persons can draw only one conclusion from the evidence.'" *Swarthout v. Mut. Serv. Life Ins. Co.*, 632 N.W.2d 741, 745 (Minn. Ct. App. 2001) (citation omitted)

> A claim of intrusion-upon-seclusion has three elements: (1) an intrusion, (2) that is highly offensive, and (3) into some matter in which a person has a legitimate expectation of privacy. <u>*Swarthout,* 632 N.W.2d at 744</u>. To establish Defendant's liability for this cause of action, Plaintiffs must demonstrate that Defendant's intrusion was substantial, was of a kind that would be highly offensive to a reasonable person, and was a result of conduct to which a reasonable person would strongly object. *Id.* at 745.

Appellate Case: 14-3435    Page: 35    Date Filed: 02/11/2015 Entry ID: 4243563

> Plaintiffs argue that Defendant intruded on their seclusion because Defendant continued to contact Plaintiffs after knowing that Dale and Diane Erickson were represented by an attorney. In addition, Plaintiffs assert that Defendant's communications were abusive in nature, went beyond the tolerable threshold of routine debt collection activity, and disturbed the solitude of their home. The Court concludes that questions of material fact exist on Plaintiffs' invasion of privacy claim. Whether Defendant's actions constitute highly offensive conduct to which a reasonable person would strongly object is a question of fact.

*Erickson v. Messerli & Kramer, P.A.*, 09-cv-3044 (D. Minn. May 16, 2011) (Frank, Donovan, J.) (denial of summary judgment on plaintiff's 15 U.S.C. §§ 1692c(a)(2) and 1692b(6) and intrusion into seclusion invasion of privacy claim arising from defendant's multiple contacts and telephone calls after gaining actual knowledge of plaintiffs' representation by counsel; settled after payment of damages (Doc. 78) and $28,041.08 in costs and attorney fees to plaintiffs (Doc. 88)).

The district court's reliance on *Fletcher v. Price Chopper Foods of Trumann, Inc.*, 220 F.3d 871 (8th Cir. 2000) was misplaced, reversible error. Transcript 19:1-3.

First, *Fletcher* addressed the plaintiff's <u>voluntary</u> disclosure of her staph infection to multiple individuals. *Fletcher*, 220 F.3d at 877-78. This case concerns Mr. Scheffler's closed U.S. Bank record, an item not appearing on his CBR, and an item not required to appear on the Minn. Stat. § 550.011 asset disclosure report. As a closed account, it is no asset.

Appellate Case: 14-3435    Page: 36    Date Filed: 02/11/2015 Entry ID: 4243563

Second, *Fletcher* is a post-trial decision, with a fully developed record. *Fletcher*, 220 F.3d at 877-78. Ms. Fletcher voluntarily disclosed the existence of a work injury-induced staph infection to two fellow workers. She tried ADA and invasion of privacy claims to the jury. Id. at 874-75. She lost the ADA claim and prevailed on her invasion of privacy claim.

The court did not hold that Fletcher lacked a *reasonable* expectation of privacy. Id. at 878. This court found she had no <u>subjective</u> expectation of privacy in her voluntary disclosure, and therefore no *legitimate* expectation of privacy. Id. at 878.

Mr. Scheffler's case differs sharply. Mr. Scheffler set forth verified facts (Doc. 1 ¶¶39-42 and Doc. 28 ¶¶39-42 and 52-57) in support of his invasion of privacy claim for wrongful intrusion into his closed checking account – a datum not appearing on a CBR. The district court disposed of the claim under Rule 12(b)(6) – with no discovery whatsoever. Transcript, 19:1-21.

The closed account, worth $0.00, has no value to Messerli in its effort to collect Mr. Scheffler's debt. For this reason, Minn. Stat. § 550.011 does not require disclosure of closed accounts in garnishment actions.

The past existence of the closed account and its null value mean less than the sources, means, and methods by which Messerli obtained this information. Messerli could not have obtained these data from Mr.

Appellate Case: 14-3435    Page: 37    Date Filed: 02/11/2015 Entry ID: 4243563

Scheffler's CBR. By elimination, Messerli gained this information by other means.

Mr. Scheffler must conduct discovery to discern the means, methods, and sources by which Messerli found his closed account. For all Mr. Scheffler knows, agents of Messerli could have broken into his house to discover the closed account records.

Without discovery, the court has no ability to determine – as a matter of law – whether Mr. Scheffler has a legitimate or reasonable expectation of privacy in the nature and existence of his closed U.S. Bank account – and any other private information not appearing on his CBR that Messerli may exploit to collect the debt. *Fletcher*, 220 F.3d at 877, *Erickson*, 09-cv-3044, Doc. 76, p. 22-23 (D. Minn. May 16, 2011). Messerli refused to disclose the sources, means, and methods by which it intruded into Mr. Scheffler's banking past – just as it refused to disclose *Erickson v. Messerli & Kramer, P.A.*, 09-cv-3044 (D. Minn. May 16, 2011), and *Backlund v. Messerli & Kramer, P.A.*, 964 F.Supp.2d 1010 (D. Minn. 2013), to this court or the court below. Without discovery, dismissal is premature, reversible error.

Appellate Case: 14-3435    Page: 38    Date Filed: 02/11/2015 Entry ID: 4243563

The court improvidently dismissed this supplemental Minnesota claim. The court should reverse and remand for further consideration of Mr. Scheffler's invasion of privacy claim, as Messerli's silence has created a justiciable issue that begs for discovery.

## CONCLUSION

Should Messerli argue that Mr. Scheffler's account was not actually ceased, then Messerli exposes itself to liability for additional unfair debt collection and deceptive practices, because it represented on multiple occasions to Mr. Scheffler that the account was ceased – and not merely "restricted", as Messerli represented numerous times[43]. Applying the "unsophisticated consumer" standard, the law entitles Mr. Scheffler to take Messerli at its word.

The record, however, shows more than a plausible train of FCRA and FDCPA violations that require reversal, remand, and discovery before the court can dispose of this case on the merits.

Mr. Scheffler states claims under the FCRA, FDCPA, and Minnesota common law invasion of privacy. This court must REVERSE the district court, and remand to the district court for further proceedings.

_____

[43]Appellee Brief, pp. 1, 3, 7, 9

Appellate Case: 14-3435    Page: 39    Date Filed: 02/11/2015 Entry ID: 4243563

10 February 2015          Respectfully resubmitted:

PETER J. NICKITAS LAW OFFICE, LLC

/s/ *Peter J. Nickitas*

_____
Peter J. Nickitas, MN Att'y #212313
Attorney for appellant
431 S. 7th St., Suite 2446
P.O. Box 15221
Minneapolis, MN 55415-0221
Tel. 651.238.3445/FAX 1.888.389.7890
Email: peterjnickitaslawllc@gmail.com

## CERTIFICATE OF WORD COUNT

I, Peter J. Nickitas, attorney for appellant, hereby certify, in accordance with Fed. R. App. P. 32(a)(7)(B)(i – iii) and 8th Cir. R. App. P. 28A(f), that this corrected brief comprises 6,626 words in all sections that must be counted, pp. 1-32, that this brief is composed on a MacBook Pro operating OSX 10.10 using Mac Microsoft Office Word 2008 and Adobe Acrobat Pro XI, that this brief is composed with Baskerville Old Face 14 point typeface in all principal sections and all footnotes of the brief, and that all electronic forms of this brief are free of all known viruses.                    Respectfully:

10 February 2015                    /s/ *Peter J. Nickitas*

                                    _____

                                    Peter J. Nickitas

## CERTIFICATE OF SERVICE

I, Peter J. Nickitas, attorney for appellant, hereby certify service of the reply brief in electronic format upon the attorneys for the appellee by ECF on 10 February 2015.                    Respectfully:

10 February 2015                    /s/ *Peter J. Nickitas*

                                    _____

                                    Peter J. Nickitas

Appellate Case: 14-3435    Page: 41    Date Filed: 02/11/2015 Entry ID: 4243563